37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tanya M. POWELL, (Case No. 93-4363) Defendant-Appellant,
Florencia Yanina Walker, (Case No. 93-4364) Defendant-Appellant.
 Nos. 93-4363, 93-4364.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 These are two consolidated direct criminal appeals in which the parties waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Tanya M. Powell and Florencia Yanina Walker were convicted after a jury trial of several counts in connection with a worldwide heroin smuggling conspiracy. Their convictions were subsequently vacated by a panel of this court and the cause remanded for a new trial. United States v. Walker, 1 F.3d 423 (6th Cir.1993). On remand, both defendants entered into plea agreements. Powell and Walker each pleaded guilty to one count of conspiracy to import over a kilogram of heroin into the United States, in violation of 21 U.S.C. Sec. 963. The court, in accordance with the plea agreements, sentenced Powell to a ninety-four month term of imprisonment and Walker to a sixty month term.
 
 
 3
 The attorneys for Powell and Walker filed motions to withdraw representation on appeal as well as "no merit" briefs pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Each defendant was served with this motion and was invited to respond; neither has done so.
 
 
 4
 Sisters Powell and Walker were indicted along with four other individuals in connection with a heroin smuggling operation of global proportions. Their role in the operation was that of courier. The proofs at trial necessarily entailed great expense and logistical difficulties in that witnesses from around the world had to be brought to the United States to testify. On remand, the government purportedly took this into consideration in offering the defendants the Fed.R.Crim.P. 11(e)(1)(C) agreements to which they eventually pleaded. In exchange for the guilty pleas, the government agreed that specific sentences of sixty and ninety-four months were the appropriate disposition of the cases.
 
 
 5
 Counsel for both appellants question the voluntariness of each defendant's guilty plea in furtherance of their duty under Anders to bring any arguable issues to this court's attention. The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c) and the recitation of the factual basis for each plea. The court accurately related the maximum penalties to which Powell and Walker would be exposed by their pleas; the sentences meted out conformed to the plea agreements and were substantially below the actual guideline ranges. Neither defendant registered any objections to the sentence. There does not appear to be any defect in the plea proceedings or sentence.
 
 
 6
 No error is apparent in any other regard. The language of the indictment tracks that of the statute and Columbus lies within the Southern District of Ohio. 28 U.S.C. Sec. 115(b)(2). Jurisdiction thus does not appear to be an issue in this case and the guilty pleas acted as waivers of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973). The appeals lack merit.
 
 
 7
 Accordingly, the motions to withdraw are granted and the district court's judgments are affirmed.